Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| MARTHA RUTH ALSINA RÍOS<br><br>Parte Recurrida<br><br>v.<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO, et al.<br><br>Parte Peticionaria | TA2026CE00043<br><br>Consolidado<br><br>TA2026CE00059 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2017CV02363<br><br>Sobre: Discrimen |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Ortiz Flores

Ortiz Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Comparece ante nosotros Melba Navas Señeriz (señora Navas Señeriz) mediante *Petición de Certiorari* en el alfanumérico TA2026CE00043, así como el señor Jesús M. Rodríguez Rosa (señor Rodríguez Rosa) (en conjunto, parte peticionaria) mediante *Petición de Certiorari* en el alfanumérico TA2026CE00059. En ambos recursos, nos solicitan que revisemos una *Resolución*, emitida y notificada el 10 de noviembre de 2025, por el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] Mediante esta, el TPI declaró No Ha Lugar la *Moción en Cumplimiento de Orden y Solicitud de Desestimación*, presentada por la Corporación del Fondo del Seguro del Estado (CFSE) y la *Moción Uniéndose a la Solicitud de Desestimación*, presentada por el señor Rodríguez Rosa y la señora Navas Señeriz.

Adelantamos que, por los fundamentos que exponemos a continuación, se expide el recurso de *certiorari* y, se confirma en parte y se revoca en parte la *Resolución* recurrida.

**I**

El caso del título inició el 13 de noviembre de 2017, cuando Martha Ruth Alsina Ríos (señora Alsina Ríos; recurrida) instó una *Demanda* sobre

---

[1] SUMAC, Entrada 113 en SJ2017CV02363.

discrimen por ideas políticas al amparo de la Ley Núm. 100 de 30 de junio de 1959, 29 LPRA sec. 14 *et seq.* (Ley Núm.100) y daños y perjuicios contra la CFSE; el señor Rodríguez Rosa; el señor Albert Vargas Molina (señor Vargas Molina); y la señora Navas Señeriz.[2] En esencia, alegó que laboraba para la CFSE y que, desde el año 2016, ocupaba el puesto de Ayudante Administrativo en el Área de Administración en Asuntos Administrativos. Indicó que la CFSE conocía su afiliación política al Partido Popular Democrático (PPD), ya que lo había expresado abiertamente a sus compañeros de trabajo. Expresó que la nueva administración del Partido Nuevo Progresista (PNP) realizó un cambio a la estructura jerárquica administrativa de la CFSE. Además, adujo que, desde la llegada de la nueva administración, ha sido sometida a un patrón de vejámenes; privación de derechos; sobrevigilancia; aplicación selectiva de normas; acoso moral; ambiente inseguro de trabajo; despojo de funciones; maltrato verbal; y discrimen por sexo, así como por sus ideales políticas. Expresó que ha habido un patrón de cambios de áreas de empleo de manera selectiva y carente de fundamento. Sobre el particular, explicó que fue trasladada al puesto de Ayudante Administrativo al Área de Educación y Desarrollo, en donde su supervisora inmediata era la señora Navas Señeriz. Alegó que dicho traslado fue ilegal y se realizó debido a su afiliación política. Además, sostuvo que la señora Navas Señeriz la despojó de sus funciones, no le asignaba trabajo y no cumplía su trabajo como supervisora. Por otra parte, señaló que, el 31 de octubre de 2017, la señora Navas Señeriz le presentó una querella por agresión y que, como medida cautelar, fue reubicada al Área de Finanzas. No obstante, adujo que dicha medida fue discriminatoria y obedece a su afiliación política. En consecuencia, solicitó una cantidad de $5,000,000.00 por concepto de daños y perjuicios, así como costas y honorarios de abogado. Además, solicitó que se ordenara que se le devolviera el puesto de Ayudante Administrativo al Área de Administración de Asuntos Administrativos.

---

[2] SUMAC, Entrada 1 en SJ2017CV02363.

Posteriormente, el 25 de enero de 2018, la señora Alsina Ríos presentó una *Moción Solicitando Enmienda a la Demanda* con la finalidad de enmendar sus alegaciones para atemperarla con los hechos del caso.[3] En lo pertinente al caso ante nos, alegó que el, 27 de noviembre de 2017, se le entregó una carta, fechada el 9 de noviembre del mismo mes y año, emitida por el señor Rodríguez Rosa, en la que se le notificó la suspensión inmediata de su empleo y sueldo por un término de sesenta (60) días. Arguyó que fue suspendida de su empleo y sueldo sin la celebración previa de una vista administrativa informal, lo que constituyó una violación a su debido proceso de ley y a las disposiciones del Manual de Normas de Conducta y Medidas Disciplinarias de la CFSE. Adujo que, luego de presentar un interdicto ante el TPI, el 11 de diciembre de 2017, se dejó sin efecto la suspensión y fue reinstalada a su trabajo. Sostuvo que, posteriormente, el 28 de diciembre de 2017, se sometió una acción disciplinaria en su contra, por parte de la Lcda. Laura M. Ortiz Ramos, en la cual se le notificó de una intención de suspensión de empleo y sueldo por sesenta (60) días debido al incidente ocurrido el 31 de octubre de 2017. Arguyó que la imposición de dicha medida disciplinaria constituyó un acto de represalia en su contra por haber presentado acciones legales en los tribunales.

El 15 de febrero de 2018, el señor Rodríguez Rosa presentó *Moción en Solicitud de Desestimación*.[4] Alegó que la acción instada por la señora Alsina Ríos debía desestimarse en su capacidad personal, toda vez que la *Demanda Enmendada* dejaba de exponer una reclamación que justificara la concesión de un remedio por parte de éste en su carácter personal. Sobre el particular, explicó que las alegaciones de hechos van dirigidas a su capacidad oficial como Administrador de la CFSE y que, siendo así, procedía desestimar la acción presentada en su contra, a tenor con la doctrina de inmunidad condicionada. En específico, indicó que la

---

[3] SUMAC, Entrada 4 en SJ2017CV02363.
[4] SUMAC, Entrada 6 en SJ2017CV02363.

determinación de suspender a la señora Alsina Ríos de empleo y sueldo fue de la autoridad nominadora y no puede considerarse como una actuación en su capacidad personal.  Por tanto, solicitó que se desestimara la *Demanda* radicada en su contra con perjuicio.

Por su parte, en esa misma fecha, la señora Navas Señeriz presentó una *Moción en Solicitud de Desestimación*.[5]  En esencia, adujo que las actuaciones alegadas en la *Demanda* aluden a hechos realizados en su capacidad oficial como Directora del Área de Educación y Desarrollo de la CFSE y no exponen un reclamo válido contra su carácter personal, por lo que levantó la defensa de inmunidad condicionada.  Asimismo, arguyó que la *Demanda* dejaba de exponer una reclamación que justificara la concesión de un remedio.  A tenor, solicitó la desestimación con perjuicio de la *Demanda* radicada en su contra.

En respuesta, el 8 de marzo de 2018, la señora Alsina Ríos presentó *Réplica a Moción de Desestimación*, mediante la cual se opuso a la *Moción en Solicitud de Desestimación* instada por el señor Rodríguez Rosa.[6]  En esencia, adujo que el señor Rodríguez Rosa le impuso suspensión de empleo y sueldo de sesenta (60) días para ser penada de forma inmediata por razón de sus ideas políticas.  Por tal razón, adujo que la inmunidad condicionada es inoperante.  En mérito de lo anterior, solicitó que se declarara No Ha Lugar la *Moción en Solicitud de Desestimación*.

Por otro lado, en esa misma fecha, la señora Alsina Ríos presentó *Réplica a Moción de Desestimación,* en la cual se opuso a la *Moción en Solicitud de Desestimación* instada por la señora Navas Señeriz.[7]  En esta, alegó que las actuaciones de la señora Navas Señeriz fueron realizadas de manera discriminatoria, por lo que no aplica la inmunidad condicionada y esta responde en su carácter personal.  A tenor, solicitó que se declarara No Ha Lugar la *Moción en Solicitud de Desestimación.*

---

[5] SUMAC, Entrada 8 en SJ2017CV02363.
[6] SUMAC, Entrada 21 en SJ2017CV02363.
[7] SUMAC, Entrada 22 en SJ2017CV02363.

Luego de evaluada la postura de las partes, el 13 de agosto de 2018, notificada el 15 del mismo mes y año, el TPI emitió una *Resolución* mediante la cual declaró No Ha Lugar las mociones en solicitud de desestimación, instadas el 15 de febrero de 2018, por la señora Navas Señeriz y el señor Rodríguez Rosa y ordenó la continuación de los procedimientos.[8]

Así las cosas, el 17 de octubre de 2018, se presentaron dos (2) escritos. El primero fue la *Contestación a Demanda* del señor Rodríguez Rosa,[9] mientras que el segundo fue la *Contestación a Demanda* de la señora Navas Señeriz.[10] En esencia, en ambos escritos estos negaron la mayoría de las alegaciones y presentaron sus defensas afirmativas. Entre sus defensas afirmativas, reiteraron su argumento en cuanto a que la *Demanda* no justificaba la concesión de un remedio en su carácter personal. Además, esbozaron que no realizaron ningún acto constitutivo de discrimen en contra de la señora Alsina Ríos por razón de su afiliación política. Alegaron que las decisiones tomadas con relación al empleo o condiciones de empleo de la señora Alsina Ríos estuvieron justificadas y se hicieron de conformidad con las políticas de la CFSE. Por otra parte, indicaron que los daños alegados en la *Demanda* fueron causados, en todo o en parte, por las propias acciones u omisiones de la señora Alsina Ríos. En consecuencia, solicitaron que se declarara No Ha Lugar la *Demanda*.

Luego de varios trámites procesales innecesarios pormenorizar, el 5 de febrero de 2019, la CFSE presentó una *Urgente Moción de Desestimación y/o Paralización*.[11] En esta, indicó que la señora Alsina Ríos radicó dos (2) apelaciones, núm. JA-17-09 y JA-18-01, ante la Junta de Apelaciones para Empleados Gerenciales de la CFSE (Junta de Apelaciones de la CFSE). Explicó que dichas apelaciones fueron instadas por los mismos hechos que se pretendían litigar ante el TPI. En consecuencia, alegó que la solicitud de la señora Alsina Ríos era

---

[8] SUMAC, Entrada 41 en SJ2017CV02363.
[9] SUMAC, Entrada 53 en SJ2017CV02363.
[10] SUMAC, Entrada 54 en SJ2017CV02363.
[11] SUMAC, Entrada 69 en SJ2017CV02363.

prematura, toda vez que el caso se encontraba aún ante un trámite administrativo que no había culminado ante la Junta de Apelaciones de la CFSE. Por tanto, solicitó la desestimación de la causa de acción de la señora Alsina Ríos, por falta de jurisdicción sobre la materia o, en la alternativa, que se decretara la paralización de los procesos hasta tanto la Junta de Apelaciones de la CFSE emitiera una adjudicación. En respuesta, el 18 de febrero de 2019, la señora Alsina Ríos presentó *Moción en Oposición a Desestimación y/o Paralización*.[12] En esta, solicitó que declarara No Ha Lugar la moción en solicitud de desestimación o paralización instada por la CFSE.

Posteriormente, el 28 de febrero de 2019, notificada el 1 de marzo de 2019, el TPI emitió *Sentencia* mediante la cual decretó la paralización de los procedimientos y ordenó su archivo para fines administrativos.[13] Dispuso que la Junta de Apelaciones de la CFSE ostentaba la jurisdicción primaria y exclusiva para atender el asunto y que la señora Alsina Ríos no había agotado el remedio administrativo correspondiente, por lo que la acción sobre daños y perjuicios no estaba madura. Asimismo, determinó que la señora Alsina Ríos debía acudir ante el TPI dentro del año siguiente de dicha *Sentencia* y establecer la razón que procediera para la continuación de los procedimientos. Expresó que, de no comparecer en dicho término, se entendía que la *Sentencia* sería de archivo con perjuicio de la acción.

De ahí, el 9 de marzo de 2020, la señora Alsina Ríos presentó una *Moción Infamativa* mediante la cual informó que los trámites ante el foro administrativo estaban en curso, razón por la cual solicitó extender la paralización del caso por tres (3) meses adicionales.[14] En respuesta, mediante *Orden* del 11 de marzo de 2020, el TPI quedó enterado.[15]

---

[12] SUMAC, Entrada 73 en SJ2017CV02363.
[13] SUMAC, Entrada 81 en SJ2017CV02363.
[14] SUMAC, Entrada 84 en SJ2017CV02363.
[15] SUMAC, Entrada 85 en SJ2017CV02363.

Subsiguientemente, el 12 de mayo de 2025, la señora Alsina Ríos presentó una *Moción para Solicitar Reapertura*.[16] Alegó que la Junta de Apelaciones de la CFSE emitió Resolución, por lo que solicitó la reapertura del caso. En respuesta, el 13 de mayo de 2025, el TPI emitió *Orden* mediante la cual ordenó a la CFSE a exponer su posición en un término de diez (10) días.[17]

En cumplimiento con lo ordenado, el 25 de junio de 2025, la CFSE presentó una *Moción en Cumplimiento de Orden y Solicitud de Desestimación*.[18] En esta, alegó que la controversia planteada por la señora Alsina Ríos fue debidamente atendida y resuelta por la Junta de Apelaciones de la CFSE mediante una resolución final, emitida el 21 de junio de 2024, por lo que constituye cosa juzgada. Explicó que la Junta de Apelaciones de la CSFE determinó que a la señora Alsina Ríos se le notificó la intención de imponer una medida disciplinaria de suspensión de empleo y sueldo debido a los hechos ocurridos el 31 de octubre de 2017, mas no se llevó a cabo la imposición de esta. Por tanto, expresó que la Junta de Apelaciones de la CSFE dispuso que, debido a que la carta no establecía ni aplicaba una medida disciplinaria, carecía de jurisdicción para entrar en los méritos de la controversia. Sostuvo que la determinación emitida por la Junta de Apelaciones de la CFSE, aun cuando desestimó el caso por falta de jurisdicción, constituye una adjudicación en los méritos de la controversia planteada, adquiriendo así el carácter de cosa juzgada.

Por otra parte, indicó que todo lo relacionado con la medida disciplinaria fue objeto de adjudicación en los méritos por el TPI en el caso Asociación de Empleados Gerenciales de la CFSE y Marta R. Alsina Ríos vs. CFSE, Civil Núm. SJ2017CV-02790. Expresó que, en dicho caso, la señora Alsina Ríos presentó una Moción de Desistimiento Voluntario con Perjuicio, toda vez que la CFSE acordó dejar sin efecto la medida disciplinaria, notificada el 27 de noviembre de 2017, mediante carta suscrita

---

[16] SUMAC, Entrada 98 en SJ2017CV02363.
[17] SUMAC, Entrada 99 en SJ2017CV02363.
[18] SUMAC, Entrada 105 en SJ2017CV02363.

al 9 de noviembre de 2017. En atención a ello, indicó que el TPI dictó Sentencia, mediante la cual tuvo a la señora Alsina Ríos por desistida con perjuicio y decretó el archivo de todas las reclamaciones formuladas contra de la CFSE. Señaló que la señora Alsina Ríos está impedida de traer ante la consideración del TPI planteamientos que ya fueron objeto de escrutinio y adjudicación final, tanto por la Junta de Apelaciones de la CFSE y el TPI en el caso SJ2017CV-02790. Adujo que, conforme a los principios de cosa juzgada, la controversia no puede reabrirse ante el foro judicial. A tenor, solicitó la desestimación de la *Demand*a instada por la señora Alsina Ríos.

En respuesta, el 15 de julio de 2025, la señora Alsina Ríos presentó una *Moción para Oponernos a Solicitud de Desestimación*.[19] En esencia, adujo que, en el caso de epígrafe, se reclama a base de una causa de acción sobre discrimen por ideas políticas al amparo de la Ley Núm. 100 y daños y perjuicios. Por otro lado, alegó que las apelaciones núm. JA-17-09 y JA-18-01 se basaban en una violación al Debido Proceso de Ley que vulnera el principio de mérito como empleada. Además, expresó que la Junta de Apelaciones de la CFSE se declaró a sí misma sin jurisdicción, por lo que no hubo un asunto juzgado. En consecuencia, solicitó que declarara No Ha Lugar la solicitud de desestimación de la CFSE, así como que se reabriera y continuara con el caso.

Posteriormente, el 16 de julio de 2025, la señora Navas Señeriz y el señor Rodríguez Rosa presentaron una *Moción Uniéndonos a la Solicitud de Desestimación Presentada por la CFSE*.[20] En esta, acogieron por referencia lo expuesto por la CFSE en su *Moción en Cumplimiento de Orden y Solicitud de Desestimación*. Además, alegaron que la única alegación contra el señor Rodríguez Rosa es aquella relacionada a la suspensión inmediata de empleo y sueldo de la Alsina Ríos, emitida el 9 de noviembre de 2019 y notificada el 27 del mismo mes y año. Expresaron que dicha alegación va dirigida únicamente en su carácter oficial como

---

[19] SUMAC, Entrada 109 en SJ2017CV02363.
[20] SUMAC, Entrada 110 en SJ2017CV02363.

entonces Administrador del CFSE y no en su carácter personal. Además, indicaron que dicha controversia se tornó académica ya que la medida disciplinaria fue dejada sin efecto por la CFSE. Explicaron que el asunto fue resuelto en el caso Asociación de Empleados Gerenciales de la CFSE v. CFSE, SJ2017CV02790, en el cual, como parte de una negociación, la señora Alsina Ríos desistió con perjuicio de todas las reclamaciones que guardaban relación con los hechos que motivaron dicha causa de acción. Por otra parte, indicaron que tampoco existe una reclamación que justifique la concesión de un remedio de parte de la señora Navas Señeriz ya que no se alega participación alguna de esta en las medidas disciplinarias emitidas a la señora Alsina Ríos, a saber, la suspensión inmediata de empleo y sueldo, notificada el 27 de noviembre de 2017, y la intención de suspensión de empleo y sueldo, notificada el 28 de diciembre de 2017. A tenor, solicitaron que se desestimara la *Demanda* en su contra.

Posteriormente, el 10 de noviembre de 2025, el TPI emitió y notificó la *Resolución y Orden* de la que se recurre.[21] En lo pertinente al caso ante nos, el TPI declaró No Ha Lugar la *Moción en Cumplimiento de Orden y Solicitud de Desestimación*, presentada por la Corporación del Fondo del Seguro del Estado (CFSE) y la *Moción Uniéndose a la Solicitud de Desestimación*, presentada por el señor Rodríguez Rosa y la señora Navas Señeriz. Determinó que no existen los elementos para aplicar la defensa de cosa juzgada, toda vez que el foro administrativo nunca emitió una adjudicación en los méritos. A su vez, expresó que el reclamo principal del caso judicial versa sobre la reclamación por discrimen político y daños y perjuicios, lo que se distingue de lo atendido en la Junta de Apelaciones de la CSFE. Por otro lado, dispuso que los reclamos de discrimen y daños no giran exclusivamente sobre el asunto de medidas disciplinarias. Dispuso que, más bien, existen alegaciones de hechos sobre un alegado patrón de discrimen político que no son de la jurisdicción primaria y exclusiva de la agencia y que no comparten identidad con las controversias que se llevaron

---

[21] SUMAC, Entrada 113 en SJ2017CV02363.

a la Junta de Apelaciones de la CSFE. Por otra parte, expresó que la Sentencia dictada en el caso SJ2017CV02790 no constituye cosa juzgada, toda vez que lo que surge de la estipulación es que se acordó dejar sin efecto la medida disciplinaria del 27 de noviembre de 2017 para proceder a llevar a cabo el proceso disciplinario ordinario que dispone el Manual de Normas de Conducta y Medidas Disciplinarias de Empleados de la CFSE. Expresó que, al ser un acuerdo cuyo propósito fue abrir el proceso administrativo ordinario, el desistimiento con perjuicio no puede extenderse a las causas de acción de discrimen político y represalias basadas en el patrón de hechos continuos, los cuales trascienden la mera corrección de la suspensión inicial y no fueron objeto de adjudicación en el pleito de interdicto.

Inconforme, el 25 de noviembre de 2025, el señor Rodríguez Rosa presentó una *Moción de Reconsideración*.[22] En esta, reiteró su argumento en cuanto a que la controversia, en torno a la suspensión inmediata de empleo y sueldo, se tornó académica y es cosa juzgada. A tenor, solicitó que se reconsiderara la *Resolución y Orden* emitida y se desestimara el caso de epígrafe en su contra.

Por su parte, en esa misma fecha, la señora Navas Señeriz presentó su *Moción de Reconsideración*.[23] En esencia, reiteró que la *Demanda Enmendada* no expone una reclamación que justificara la concesión de un remedio en su carácter personal. Sobre el particular, arguyó que las alegaciones en su contra constituyen alegaciones en su capacidad oficial, como la Directora del Área de Educación y Desarrollo y entonces supervisora de señora Alsina Ríos, y no sustentan una causa de acción en su carácter personal. A tenor, solicitó que se desestimara el caso en su contra.

En respuesta, el 9 de diciembre de 2025, la señora Alsina Ríos presentó una *Moción para Oponernos a Solicitud de Reconsideración*.[24] En

---

[22] SUMAC, Entrada 115 en SJ2017CV02363.
[23] SUMAC, Entrada 118 en SJ2017CV02363.
[24] SUMAC, Entrada 120 en SJ2017CV02363.

esta, adujo que la señora Navas Señeriz responde en su carácter personal, por lo que solicitó que se declarara No ha Lugar a la *Moción de Reconsideración* instada por esta.

Así las cosas, el 10 de diciembre de 2025, el TPI emitió y notificó una *Orden* mediante la cual declaró No Ha Lugar la *Moción de Reconsideración* radicada por la señora Navas Señeriz.[25] Asimismo, el 16 de diciembre de 2025, el TPI emitió y notificó una *Orden* mediante la cual dispuso que, vencido el plazo sin que la recurrida radicara su oposición en cuanto a la *Moción de Reconsideración* instada por el señor Rodríguez Rosa, se dio por sometida dicha solicitud y se declaró No Ha Lugar.[26]

En desacuerdo, el 9 de enero de 2026, la señora Navas Señeriz compareció mediante una *Petición de certiorari* en la cual esgrimió la comisión del siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al denegar la Moción de Desestimación presentada por la peticionaria al amparo de la Regla 10.2(5) de Procedimiento Civil, aun cuando de los hechos alegados en la Demanda y la Demanda Enmendada se desprende que la parte demandante incumple con el estándar de plausibilidad aplicable y carece de remedio alguno contra la funcionaria en su carácter personal a la luz de la doctrina de inmunidad condicionada, y además, la parte peticionaria no responde por los daños reclamados por la parte demandante al amparo de la Ley Núm. 115-1991, por ser esa causa de acción una exclusivamente contra el patrono.

Por su parte, el 14 de enero de 2025, el señor Rodríguez Rosa compareció mediante una *Petición de certiorari* en la cual esgrimió la comisión del siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al denegar la Moción de Desestimación presentada por el peticionario al amparo de la Regla 10.2(5) de Procedimiento Civil, aun cuando de los hechos alegados en la Demanda Enmendada se desprende que la parte demandante incumple con el estándar de plausibilidad aplicable y carece de remedio alguno contra el funcionario en su carácter personal a la luz de la doctrina de inmunidad condicionada, y además, las pocas alegaciones en contra del peticionario se relacionan con una reclamación que ya fue atendida y resuelta en otro caso, cuya determinación constituye cosa juzgada.

---

[25] SUMAC, Entrada 121 en SJ2017CV02363.
[26] SUMAC, Entrada 122 en SJ2017CV02363.

Tras juzgar que los recursos de epígrafe se relacionan al mismo dictamen judicial y con las mismas partes, esta Curia ordenó la consolidación de los dos (2) recursos presentados, conforme surge de la *Resolución* emitida el 28 de enero de 2026. Por otra parte, se le concedió a la recurrida hasta el 10 de febrero de 2026 para exponer posición en cuando al recurso presentado en su contra. Superado el término sin que haya comparecido la parte recurrida, damos por perfeccionado el recurso y procedemos a resolver.

**II**

**A**

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil. 32 LPRA Ap. V, R. 52.1. Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> […].

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución

interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.

[…].

Establecido lo anterior, precisa señalar que el recurso de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional. *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011). La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435. Por otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025) esgrime que el Tribunal deberá considerar los siguientes criterios para expedir un auto de *Certiorari:*

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo de Puerto ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto. *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994). Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

De otra parte, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, como tampoco constituye una adjudicación en sus méritos. Meramente, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). Por último, en lo pertinente a este caso, precisa reseñar que cuando esta Curia se enfrenta a un auto discrecional sobre el cual no hay jurisdicción, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad tanto para desestimarlo como para denegarlo. *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 109-110.

**B**

La Regla 10.2 de Procedimiento Civil regula la presentación de defensas y objeciones a una reclamación judicial. 32 LPRA Ap. V, R. 10.2. La moción de desestimación al amparo de esta regla es una defensa

especial que formula el demandado para solicitar que se desestime la demanda presentada en su contra, incluso sin necesidad de formular una alegación previa. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006). En específico, la regla establece que:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
>
> (1) falta de jurisdicción sobre la materia
> (2) falta de jurisdicción sobre la persona;
> (3) insuficiencia del emplazamiento;
> (4) insuficiencia del diligenciamiento del emplazamiento;
> (5) dejar de exponer una reclamación que justifique la concesión de un remedio;
> (6) dejar de acumular una parte indispensable.

Al atender a una moción de desestimación fundamentada en que la reclamación no justifica la concesión de un remedio, el juzgador de instancia deberá tomar por cierto todos los hechos bien alegados en la demanda, así como aquellos que hayan sido aseverados de manera clara, concluyente y que de su faz no den margen a dudas. *González Méndez v. Acción Social et al*, 196 DPR 213, 234 (2016); *Accurate Sols. v. Heritage Enviroment,* 193 DPR 423, 433 (2015); *Colón v. Lotería*, 167 DPR 625, 649 (2006). A su vez, deberá interpretar las alegaciones de la demanda conjuntamente, de forma liberal y de la manera más favorable posible para la parte demandante, para así determinar si la misma es suficiente para constituir una reclamación válida. *Torres, Torres v. Torres et al.*, 179 DPR 481, 501 (2010); *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497, 505 (1994). Ello, puesto a que, en nuestro ordenamiento jurídico, se ha desarrollado una política pública a favor de que los casos se ventilen en los méritos. *González Méndez v. Acción Social et al., supra,* a la pág. 235. A esos efectos, la desestimación únicamente procederá cuando existan circunstancias que permitan a los tribunales determinar, sin ambigüedades, que la demanda carece de todo mérito, o que la parte demandante no tiene

derecho a obtener algún remedio. *Id.* Además, nuestro Tribunal Supremo ha sido enfático en que la desestimación no procede si la reclamación es susceptible de ser enmendada. *Accurate Sols. v. Heritage Enviroment,* supra, a la pág. 433; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 429 (2008); *Colón v. Lotería*, *supra*, a la pág. 649; *Clemente v. Depto. de la Vivienda*, 114 DPR 763, 771 (1993).

**C**

El desarrollo estatutario de la doctrina de inmunidad soberana en Puerto Rico continuó con la aprobación de la Ley de Reclamaciones y Demandas contra el Estado, Ley Núm. 104. *Berríos Román v. ELA*, 171 DPR 549, 556 (2007). A través de esta ley, el Estado consintió en ser demandado en daños y perjuicios por actuaciones y omisiones culposas o negligentes de sus funcionarios, empleados o agentes, en el desempeño de sus funciones. *Berríos Román v. ELA*, *Id. Defendini Collazo et al. v. ELA, Cotto*, 134 DPR 28, 40 (1993).

El Tribunal Supremo de Puerto Rico ha adoptado en nuestra jurisdicción la doctrina de inmunidad condicionada, según ha sido adoptada e interpretada por el foro federal. *De Paz Lisk v. Aponte Roque*, 124 DPR 472, 495 (1989). De tal forma se reconoce cierta forma de inmunidad a los funcionarios públicos que ejercen funciones discrecionales en su carácter personal frente a las reclamaciones civiles en daños y perjuicios que éstos puedan ocasionar. *Acevedo v. Srio. Servicios Sociales*, 112 DPR 256, 262 (1982). Cabe destacar, que mientras la inmunidad del Estado se deriva de la doctrina de la inmunidad del soberano, la de los funcionarios públicos se funda en consideraciones de política pública. *García v. ELA*, 163 DPR 800, 820 (2005). Sin embargo, no se extiende a actuaciones que sean dolosas, fraudulentas, maliciosas o delictivas, aun cuando el funcionario las realice en el ejercicio de sus funciones. *In re Colton Fontan*, 128 DPR 1, 8 (1991). Cuando se le reconoce la inmunidad condicionada a un funcionario público en su carácter personal lo que se

establece es la inexistencia de causa de acción en contra del funcionario. *García v. ELA*, supra, a la pág. 821.

**III**

En esencia, en el recurso ante nuestra consideración, la parte peticionaria expone que el foro recurrido erró al denegar la *Moción Uniéndonos a la Solicitud de Desestimación Presentada por la CFSE*, presentada por la señora Navas Señeriz y el señor Rodríguez Rosa, aun cuando de los hechos alegados en la *Demanda* y la *Demanda Enmendada* se desprende que la señora Alsina Ríos incumplió con el estándar de plausibilidad aplicable y, a la luz de la doctrina de inmunidad condicionada, carece de remedio alguno contra los funcionarios en su carácter personal. Además, la señora Navas Señeriz alegó que no responde por los daños reclamados por la señora Alsina Ríos, al amparo de la Ley Núm. 115-1991, por ser esa causa de acción una exclusivamente contra el patrono. Por otra parte, el señor Rodríguez Rosa adujo que las pocas alegaciones en su contra se relacionan con una reclamación que ya fue atendida y resuelta en otro caso, cuya determinación constituye cosa juzgada.

Conforme expusimos en nuestra exposición doctrinal previa, el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. Ahora bien, es preciso reiterar que el *certiorari* queda enmarcado dentro de la normativa que le concede deferencia a las actuaciones del Tribunal de Primera Instancia, por tanto, el Tribunal de Apelaciones únicamente podrá intervenir con un dictamen interlocutorio emitido por el foro primario si se ancla en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones. También, podremos intervenir cuando se demuestre que el referido foro actuó con perjuicio, parcialidad, abuso de su discreción o se equivocó en la interpretación de alguna norma procesal o de derecho sustantivo.

Con lo anterior en mente, nos dimos a la tarea de estudiar minuciosamente los autos ante nuestra consideración. Luego de efectuar

el referido examen, este Panel es de la opinión que el tribunal *a quo* incidió al desestimar la *Moción Uniéndonos a la Solicitud de Desestimación Presentada por la CFSE*, presentada por la señora Navas Señeriz y el señor Rodríguez Rosa. En consecuencia, amerita que nos apartemos de la normativa que confiere discreción a las actuaciones del Tribunal de Primera Instancia, e intervengamos en este caso. A tenor, procede que expidamos el presente recurso de *certiorari*.

Sabido es que, el Tribunal Supremo de Puerto Rico ha adoptado en nuestra jurisdicción la doctrina de inmunidad condicionada, según ha sido adoptada e interpretada por el foro federal. De tal forma se reconoce cierta forma de inmunidad a los funcionarios públicos que ejercen funciones discrecionales en su carácter personal frente a las reclamaciones civiles en daños y perjuicios que éstos puedan ocasionar. Cabe destacar, que dicha inmunidad no se extiende a actuaciones que sean dolosas, fraudulentas, maliciosas o delictivas, aun cuando el funcionario las realice en el ejercicio de sus funciones.

De entrada, la señora Navas Señeriz y el señor Rodríguez Rosa actuaron dentro de su capacidad oficial, como funcionarios de la CFSE, por lo que les aplica la inmunidad condicionada. Siendo así, debemos determinar si se demostró que estos cometieron acciones dolosas, fraudulentas, maliciosas o delictivas que excluyeran la aplicación de dicha inmunidad. Tras un examen del expediente ante nuestra consideración y las alegaciones contenidas en la *Demanda Enmendada*, no surge que estos hayan incurrido en ese tipo de conductas. A la luz de lo anterior, concluimos que la inmunidad condicionada les aplica, por lo que la señora Navas Señeriz y el señor Rodríguez Rosa no responden en su carácter personal y el TPI debió haber desestimado la causa de acción en contra de estos.

Ahora bien, en lo relativo al planteamiento de cosa juzgada, concurrimos con el TPI en cuanto a que no existen los elementos para aplicar la defensa de cosa juzgada. No obstante, por no ser necesario para

la disposición del caso de autos, este Tribunal no entrará a discutir dicho asunto.

Por todo lo antes expresado, no encontramos ningún impedimento para que se declare Ha Lugar la *Moción Uniéndonos a la Solicitud de Desestimación Presentada por la CFSE*, instada por la señora Navas Señeriz y el señor Rodríguez Rosa. En consideración a lo anterior, **concluimos que el error señalado por la parte peticionaria se cometió**, por lo que procede expedir el auto de *certiorari* para revocar la *Resolución* recurrida, en lo que se refiere a la moción de desestimación instada por la señora Navas Señeriz y el señor Rodríguez Rosa.

**IV**

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se *revoca*, en parte, la *Resolución* recurrida en aquello que respecta a la *Moción Uniéndonos a la Solicitud de Desestimación Presentada por la CFSE*, presentada por la señora Navas Señeriz y el señor Rodríguez Rosa.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones